IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JODY NIEDERBERGER                                                    PLAINTIFF

V.                          CASE NO. 5:17-cv-05156

CAPTAIN JEREMY GUYLL; JAIL
ADMINISTRATOR BOB BERSIE;
LIEUTENANT ROBYN HOLT;
and CATERING BY MARLINS, INC.
D/B/A CBM FOOD MANAGEMENT
SERVICES                                                             DEFENDANTS

## OPINION AND ORDER

This is a civil rights case filed by the Plaintiff, Jody Niederberger, under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and has filed an application to proceed *in forma pauperis* ("IFP")(Doc. 2). He is currently incarcerated in the Benton County Detention Center ("BCDC").

The Prison Litigation Reform Act ("PLRA") modified the IFP statute, 28 U.S.C. § 1915, to require the Court to screen complaints for dismissal under § 1915(e)(2)(B). The Court must dismiss a complaint, or any portion of it, if it contains claims that: (a) are frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or, (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

### I. BACKGROUND

According to the allegations of the Complaint (Doc. 1), Plaintiff contends he is not being provided Kosher meals in keeping with his religion. He believes he is being discriminated against by the Defendants because of his dietary practices.

-1-

Plaintiff alleges that the trays he receives contain no seasoning while the regular trays contain seasoning. He alleges that initially he received peanut butter at every meal, but now it has been removed to dissuade others from attempting to receive Kosher meals.

He also alleges that on two occasions, CBM Food Management Services ("CBM") served him cross-contaminated food. Specifically, on July 13, 2017, and one other occasion, his food contained a chunk of ham or bologna allegedly caused by the kitchen "not following practices/protocol[s] to prevent this." On July 13, 2017, he had eaten about half of his meal when he noticed there was a chunk of ham or bologna in it. He showed the deputies and Deputy Lawson returned the meal to the kitchen and came back with another tray. Plaintiff does not state what occurred on the other occasion when he alleges there was cross-contamination.

Next, Plaintiff alleges he was retaliated against by CBM on multiple occasions for using the grievance procedure. After he began using the grievance procedure "towards the kitchen staff," Plaintiff alleges the quantity of food he received diminished substantially. Plaintiff indicates he even returned one tray to the kitchen via Deputy Cruz, but the kitchen refused to "fix it."

Finally, Plaintiff maintains the grievance procedure is inadequate. Plaintiff alleges he filed numerous grievances addressed to the kitchen, Lieutenant Holt, Captain Guyll, and even the jail administrator, but Lieutenant Holt was the only employee who responded to any grievances. Plaintiff also states he received very few responses, and usually the response was just "forwarded to kitchen" or "will let kitchen know." He indicates there was no opportunity to appeal the decisions made and no attempt to resolve the issues raised.

## II. DISCUSSION

Under the PLRA, the Court is obligated to screen a case prior to service of process being issued. A claim is frivolous when it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court bears in mind, however, that when "evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

"[I]nmates are entitled to reasonable accommodation of their religious dietary needs." *Love v. Reed*, 216 F.3d 682, 689 (8th Cir. 2000). Specifically, it has been held that inmates are entitled to a diet sufficient to sustain health and satisfy religious dictates. *See McElyea v. Babbitt*, 833 F.2d 196, 198 (9th Cir. 1987). However, in order to present a valid First Amendment claim in this context, Plaintiff has the "burden of establishing that the alleged religious belief or ritual in question [a Kosher diet] is based on a teaching of the religion [Jewish], that [Plaintiff's] belief in the teaching is sincerely held, and that the governmental action in question actually infringe[d] upon [his] free exercise of this belief." *Goff v. Graves*, 362 F.3d 543, 547 (8th Cir. 2004). It is without doubt that the desire to keep Kosher is rooted in the Jewish faith. *Love*, 216 F.3d at 688.

Plaintiff's claims based on the lack of seasoning and lack of peanut butter are

subject to dismissal. These claims are based on Plaintiff's preference for the way the food tastes or a preference for one type of food, rather than a claim that the diet provided him did not meet the dictates of his faith. *See e.g., Vinning-El v. Evans*, 657 F.3d 591, 594 (7th Cir. 2011) ("A prison is entitled to ensure that a given claim reflects a sincere religious belief, rather than a preference for the way a given diet tastes, a belief that the preferred diet is less painful to animals, or a prisoner's desire to make a pest of himself and cause trouble for his captors"); *McCray v. Holmes*, No. 12-2356, 2012 WL 5247684, *2 (D.N.J. Oct. 23, 2012) ("[A] prisoner is not constitutionally entitled to a kosher . . . or any other form of religious diet simply because the prisoner prefers the taste, the packaging or any other properties of that fare").

Next, Plaintiff claims that CBM served him food that was cross-contaminated on two occasions and retaliated against him for filing grievances by reducing his food portions. In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Court held that a municipality could not be held liable simply because it employed a tortfeasor. *Id.* at 691. In other words, a *respondeat superior* theory of liability could not apply to impose liability upon a municipality. *Id.* Instead, the liability of the municipality was dependent on the existence of an official policy or custom. *Szabla v. Brooklyn Park, Minn.*, 486 F.3d 385, 389 (8th Cir. 2007)(citations omitted).

Similarly, "a corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies. The proper test is whether there is a policy, custom or action by those who represent official policy that inflicts injury actionable under § 1983." *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993)(citation

omitted). Because Plaintiff has not alleged that CBM had a policy or custom that caused the violation of his constitutional rights, no plausible claim is stated against CBM.

Finally, Plaintiff's complaints about the adequacy of the grievance procedure are subject to dismissal. "[P]risoners have the constitutional right to petition the Government for redress of their grievances, which includes a reasonable right of access to the courts." *Hudson*, 468 U.S. at 523 (citing *Johnson v. Avery*, 393 U.S. 483 (1969)). However, it is well settled that inmates have no substantive constitutional right in detention center officials following grievance procedures. *See, e.g., Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993)(no constitutional violation in failing to process all of the grievances submitted by a prisoner); *see also Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003)(no federal constitutional liberty interest in having prison officials follow state law or prison regulations). Plaintiff's constitutional right of access to the courts was not impinged by Lieutenant Holt's actions, as is demonstrated by Plaintiff's filing of this action. Plaintiff has not stated a plausible claim based on the alleged inadequacies in the grievance procedure.

### III. CONCLUSION

The Complaint is subject to dismissal for failure to state plausible claims under § 1983. Therefore, the Complaint is **DISMISSED WITHOUT PREJUDICE.** *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (IFP action or any part of it may be dismissed at any time for failure to state a claim).

**IT IS SO ORDERED** on this 24th day of August, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE